[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14866
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00177-SCJ-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO OCHOA-MOLINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 1, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alvaro Ochoa-Molina appeals his 73-month sentence, imposed within the

advisory guideline range, for illegal re-entry into the United States after having

been previously deported, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, he argues that his sentence is substantively unreasonable because the district court so heavily relied on a prior 70-month sentence he received for an illegal re-entry offense in 2006 that it essentially created a mandatory minimum sentence that became a baseline for fashioning a sentence in the instant case.  In doing so, Ochoa-Molina argues, the district court failed to consider the appropriate 18 U.S.C. § 3553(a) factors or the recommendation for a downward variance that both the defense and the government supported based on mitigating factors.  Instead, Ochoa-Molina contends, the district court substituted for its own judgment the judgment of the Texas district court that previously sentenced him.  After review, we vacate and remand for further proceedings.

I.

Because the parties are familiar with the relevant facts, we discuss them in detail only where necessary.  Briefly, Ochoa-Molina pled guilty in 2014 to one count of illegal re-entry.  Prior to his sentencing, the probation office prepared a presentence investigation report ("PSI"), which noted that Ochoa-Molina also had been convicted of illegal re-entry in 2006 (the "2006 conviction").  A district court in Texas sentenced Ochoa-Molina to 70 months' imprisonment for the 2006 conviction.  For the instant offense, the PSI calculated an advisory guidelines range of 70 to 87 months' imprisonment.

2

At sentencing, the district court stated, "I am having a hard time saying I can give [Ochoa-Molina] a sentence under 70 months" based on the 2006 conviction. Transcript of Sentencing, Doc. 31 at 10.[1]  Over Ochoa-Molina's objection,[2] the district court imposed a sentence of 73 months' imprisonment.  This is Ochoa-Molina's appeal.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other

---

[1] "Doc." refers to the numbered entry on the district court docket in this case.

[2] We reject the government's contention that Ochoa-Molina failed to object to the reasonableness of his sentence in the district court.  The record makes it abundantly clear that Ochoa-Molina disagreed with the length of the sentence imposed and the district court's weighing of the § 3553(a) factors in fashioning it—particularly the degree of the district court's reliance on Ochoa-Molina's 70-month prior sentence.  Moreover, the district court expressly and repeatedly acknowledged that it knew the defense—and even, to some extent, the government— disagreed with the sentence, and Ochoa-Molina himself stated expressly that the sentence was "too much time."  Doc. 31 at 13-14.

correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc). Although generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008), a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189-90 (internal quotation marks omitted). We will vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of

4

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190.

III.

Ochoa-Molina has met his burden of proving that the district court imposed a substantively unreasonable sentence. The record demonstrates that, in fashioning Ochoa-Molina's sentence, the district court gave significant weight to an irrelevant factor—the need to avoid "disregard[ing]" the 70-month sentence from his 2006 conviction by imposing a sentence of lesser or equal length—and unreasonably balanced an otherwise proper factor—the need to avoid unwarranted sentencing disparities. Doc. 31 at 11; *see Irey*, 612 F.3d at 1189-90.

The district court relied heavily on the sentence from the 2006 conviction, opining several times during the sentencing hearing that any sentence less than that Ochoa-Molina received for the 2006 conviction would be inappropriate. Ochoa-Molina correctly argues that, in doing so, the district court effectively created a 70-month floor for his sentence based on the outcome of his prior sentencing and then decided how many more months to add. The district court thus essentially substituted the judgment of the Texas district court—under substantially different circumstances—for its own consideration of the circumstances of the instant case under the appropriate § 3553(a) factors.

5

The district court also unreasonably balanced the need to avoid unwarranted sentencing disparities.  The court reasoned that imposing a sentence below the one the Texas district court imposed for the 2006 conviction would create an unwarranted sentencing disparity between the two sentences.  That is not the case, however, because the circumstances of each offense varied significantly.  Ochoa-Molina committed his initial re-entry violation in 2006, with a much closer temporal proximity to two trafficking-in-methamphetamine convictions (stemming from arrests in 1997 and 2002).  Aside from the instant illegal re-entry conviction, Ochoa-Molina has had no convictions since.  Indeed, Ochoa-Molina's 1997 offense was 17 years old when he committed the instant re-entry offense and barely qualified for points under the guidelines; without that conviction, his criminal history category would have been IV instead of V, reducing his guideline range to 57 to 71 months' imprisonment.

Moreover, Ochoa-Molina's 2006 conviction stemmed from an illegal re-entry he committed a mere four months after his deportation.  This time, Ochoa-Molina was arrested two and a half years after his deportation, and uncontroverted testimony demonstrated that he had only been in the United States for a few months prior to his arrest.  The uncontroverted testimony further showed that Ochoa-Molina intended to remain in Mexico after his last deportation and had owned a business there, but the threat of violence against his family by a local

6

cartel forced them to leave his hometown.  In sum, Ochoa-Molina's previous illegal re-entry for which he was convicted in 2006 occurred at a different time, in a different jurisdiction, and under a different set of facts from the instant one; because the circumstances are disparate, a disparity between the sentences imposed for the two convictions would not necessarily be unwarranted.

Notably, the government, although stating that it was "bound" to recommend a within-guidelines sentence, conceded that Ochoa-Molina's case was "unusual" in that he had been arrested only for illegal re-entry and not because he had committed any other crime, and it urged the court to consider factors that would justify a reduction.  Doc. 31 at 9-10.  Yet the district court's sentence was three months higher than even the 70-month sentence the government reluctantly recommended.  The district court indicated that it had considered the § 3553(a) factors, specifically noting the need for deterrence and to promote respect for the law, given that this was Ochoa-Molina's second re-entry offense, and those are relevant factors.  But in light of the fact that it gave significant weight to an irrelevant factor and unreasonably balanced an otherwise properly considered factor, we conclude that the district court abused its broad discretion in considering the § 3553(a) factors.

IV.

For these reasons, the sentence imposed by the district court is substantively unreasonable, and we vacate and remand for re-sentencing.[3]

**VACATED AND REMANDED.**

---

[3] Ochoa-Molina also contends that his trial attorney was ineffective at sentencing for failing to request a downward departure from the advisory guideline range under U.S.S.G. § 5K3.1.  In light of our decision to vacate and remand for resentencing, however, we do not address this argument.