FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAVIER MARTINEZ-PALOMINO, a/k/a
Jorge Domingues, a/k/a Jorge Dominguez,
a/k/a Jose Gonzales, a/k/a Jose Gonzalez,
a/k/a Javier G. Martinez, a/k/a Javier, a/k/a
Javier Palomino, a/k/a Jose Palomino-
Ramirez, a/k/a Elisio Rodriguez-Robles,
a/k/a Rafael Fernando Palomino,

     Defendant - Appellant.

No. 18-1318
(D.C. No. 1:18-CR-00018-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Defendant Javier Martinez-Palomino appeals the sentence imposed by the United

States District Court for the District of Colorado on his plea of guilty to unlawful reentry

of an alien who had been deported after a felony conviction.  *See* 8 U.S.C. § 1326(a),

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

(b)(1).  He argues that the district court acted unreasonably, both procedurally and substantively, in varying upward to impose a sentence of 33 months' imprisonment.  But the district court did not abuse its discretion in selecting that sentence.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

Defendant is a native and citizen of Mexico.  He first entered the United States illegally in 1995 or 1996.  After multiple convictions in Colorado for felony possession of a controlled substance, driving under the influence, and driving without a license or insurance, he was removed to Mexico in 2001.  He soon was back in Colorado and was married there in 2002.  He and his wife have two children, now aged about 9 and 14, who were born in this country; and his wife and children have apparently lived continuously in Colorado.  He was again convicted of driving under the influence and driving without insurance in March 2004, and was removed again in April 2004, but he promptly returned to Colorado.  In July 2004 he was charged with unlawful reentry of a deported alien after a felony conviction, and pleaded guilty.  He was sentenced to 33 months of incarceration; at the conclusion of his prison term in 2007, he was once more removed to Mexico.

In 2017 Defendant was again arrested in Colorado and charged with felony driving under the influence, driving without a license, and speeding.  Federal prosecutors brought the present charges against him in January 2018.  He pleaded guilty as part of a plea agreement, under which the government agreed to recommend that he receive credit in sentencing for acceptance of responsibility, *see* USSG § 3E1.1, and to recommend a sentence within the guideline range calculated by the court.

2

The presentence investigation report (PSR) calculated Defendant's total offense level as 10 and his criminal-history category as II, leading to an advisory guidelines sentencing range of 8 to 14 months of incarceration. But the PSR recommended an upward variance from the guidelines range to a sentence of 24 months on the grounds (1) that his criminal-history category underrepresented his criminal record because two felony convictions and three driving-under-the-influence convictions were too old to be considered in the guidelines calculation and (2) that his prior 33-month sentence for illegal reentry apparently failed to deter him from engaging in similar conduct.

At Defendant's sentencing hearing, both Defendant and the government requested a 14-month prison sentence. The district court stated that it was "not interested at all in the historical drug convictions," R., Vol. III at 16, but concluded that Defendant "has a track record of coming back illegally," and "has a greater justification for coming back now than he did in 2004, because he has two U.S. kids." *Id.* at 31–32. It consequently determined that any sentence shorter than 33 months—the sentence imposed in 2004—would not adequately deter him from reentering, and it sentenced Defendant to 33 months' imprisonment, followed by three years of supervised release.

## II.    DISCUSSION

Defendant argues that his sentence was both substantively and procedurally unreasonable. "We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) [sentencing] factors."

3

*Id.* "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the [statutory sentencing] factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id.*

### A. Substantive Reasonableness

Defendant argues that his sentence was substantively unreasonable because the district court overweighted the need to deter him from future illegal reentries and consequently imposed too long a term of imprisonment. "A sentencing decision is substantively unreasonable [only] if it exceeds the bounds of permissible choice, given the facts and the applicable law." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (brackets and internal quotation marks omitted). The statute that sets forth the proper sentencing factors is 18 U.S.C. § 3553(a), which "requires district courts to consider seven factors in sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation; (3) the kinds of sentences available; (4) the Sentencing Commission Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution." *United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir. 2019) (citation and internal quotation marks omitted). The district court reasonably applied those factors to impose a 33-month sentence.

Defendant argues that the court was single-mindedly and unreasonably focused on his history of reentry and the possibility that he might wish to illegally reenter yet again. True, in explaining its sentence the district court focused on Defendant's criminal history. But so did defense counsel at the outset of her presentation at sentencing. R., Vol. III at 13 ("It seems that the main issue in dispute involves [Defendant's] criminal history."). And the court appropriately considered that history in assessing the need for deterrence. It explained that Defendant has a history of illegally reentering this country after being removed, and that he has a strong incentive to do so because his children live here. It observed that a prior 33-month sentence had been insufficient to deter Defendant from illegal reentry in the past, and thus that a shorter sentence would not reflect the basic aims of sentencing this time. A court may "quite reasonably attach[] great weight" to key factors without acting unreasonably. *Gall v. United States*, 552 U.S. 38, 57 (2007); *see also United States v. Sanchez-Leon*, 764 F.3d 1248, 1268 (10th Cir. 2014) ("[T]he district court need not afford equal weight to each of the factors."); *United States v. Zamora-Solorzano*, 528 F.3d 1247, 1251 (10th Cir. 2008) (affirming a sentence where "the district court reasonably attached considerable weight to" a single factor, the sentencing guidelines). And we have repeatedly held that district courts do not abuse their discretion by considering the failure of a prior illegal-reentry sentence to deter subsequent reentries in determining that a sentence at least as long is required to serve the purpose of deterrence. *See United States v. Sandoval-Enrique*, 870 F.3d 1207, 1215 (10th Cir. 2017); *United States v. Cruz-Artiaga*, 739 F. App'x 492, 494–95 (10th Cir. 2018) (rejecting substantive-reasonableness challenge); *United States v. Espinoza-Flores*, 712

5

F. App'x 836, 837 (10th Cir. 2018) (same); *see also United States v. Higuera-Llamos*, 574 F.3d 1206, 1211–12 (9th Cir. 2009) (upholding as substantively reasonable the district court's illegal-reentry sentence where court "found it necessary to impose a greater sentence" than imposed for a prior illegal-reentry offense because it found "the previous . . . sentence was insufficient to deter" reentry). Defendant has not presented us with any reason to depart from that rationale.

Defendant also argues that the applicable sentencing guideline, USSG § 2L1.2, already provided for a four-level increase to his offense level based on a previous conviction for a prior felony reentry offense, *see* USSG § 2L1.2(b)(1)(A), and that it was therefore unreasonable for the court to further increase his sentence on the basis of his history of reentry. But the obvious rationale of that guidelines provision is that recidivism requires a harsher penalty, both because it is more deserving of punishment and because the prior sentence was clearly not adequate deterrence. *See* USSG Supp. to app. C, amend. 802 at 147 (2018) ("The Commission determined that a defendant's demonstrated history of [illegal reentry] is appropriately accounted for in a separate enhancement."). That rationale supports the district court's decision in this case, rather than undermining it. For various reasons, the guideline sentencing range for the present violation was lower than it was for Defendant's prior conviction. But as we explained in *Sandoval-Enrique*, a court can reasonably conclude that "however the [prior district court] reached the earlier . . . sentencing decision, that amount of prison time had not adequately deterred [the defendant's] criminal conduct." 870 F.3d at 1215.

Defendant further argues that there is no reliable empirical evidence that supports the district court's, and indeed the Sentencing Commission's, conclusion that longer sentences are likely to deter repeat offenses. This argument is barred by the judgment of Congress that, under § 3553(a), courts "must consider not only the crime's seriousness and the need for just punishment, but also *the need to deter the defendant* and others." *United States v. Walker*, 844 F.3d 1253, 1257 (10th Cir. 2017) (emphasis added). We recognize that some studies have been interpreted to show that harsher penalties add little deterrence value. But courts have never been bound by such studies, which have not always stood the test of time.

Finally, Defendant argues that it was unreasonable for the district court to select a sentence by reference to his previous sentence, because doing so replaced individualized consideration of his circumstances by adherence to a prior judgment under different circumstances. He relies on an unpublished per curiam decision by an Eleventh Circuit panel in *United States v. Ochoa-Molina*, 664 F. App'x 898 (11th Cir. 2016), which held a sentence for illegal reentry substantively unreasonable when a district court stated that it could not impose a sentence lower than what the defendant had received for his prior conviction for the same offense. *See Ochoa-Molina*, 664 F. App'x at 900. Of course, we are not bound by the decisions of another circuit, much less unpublished ones. But in any event, *Ochoa-Molina* was based on the circuit court's perception that the district court believed its sentence had to exceed that of the prior sentence regardless of any other sentencing factors. S*ee* 664 F. App'x at 900–901. That is not our perception of the reasoning of the district court in this case.

7

## B. Procedural Reasonableness

Defendant argues that the district court committed procedural error in two ways: (1) by basing his sentence in part on an inaccurate factual finding; and (2) by failing to comply with the "parsimony principle" expressed in § 3553(a), which requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation," *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (internal quotation marks omitted). We reject both arguments.

Defendant contends that the district court improperly varied his sentence upward to 33 months because it found that after his 2007 removal he likely reentered the United States before 2017, though both defense counsel and the government informed the court that there was no evidence of earlier reentry. "[S]electing a sentence based on clearly erroneous facts" is a "significant procedural error." *Gall*, 552 U.S. at 51. "To be clearly erroneous, the finding must be simply not plausible or permissible in light of the entire record on appeal." *United States v. Zapata*, 546 F.3d 1179, 1192 (10th Cir. 2008) (internal quotation marks omitted).

We reject Defendant's contention because it is based on a false premise. The district court certainly expressed doubts about Defendant's candor in describing his life in this country—including his account of when he made his most recent entry. But the court made no finding on when that entry occurred, and it said nothing to indicate that its

8

sentence depended in any way on when that entry was.[1]  To put the court's statements in context, we begin with Defendant's version of events.

Defendant did not speak at his sentencing.  The only account by him available to the court was from his telephone interview with a probation officer while he was in jail awaiting sentencing.  The report of that interview in the PSR reveals substantial gaps and apparent inconsistencies in Defendant's account.  He said that he had been deported for the first time in 2001, and had stayed in Mexico after that removal until 2003, but he also said that he married his wife in Colorado in 2002.  He stated that he was most recently deported in March 2007 and that before returning to the United States illegally ten years later in 2017, he lived with his parents in Mexico for approximately eight years.  He did not state where he lived during the two years unaccounted for, nor did he explain the birth of his daughter in Colorado in 2010.  He claimed that he did not know his wife's immigration status or the address where she lives with their two children, although he stated that he has always lived with his children when he is in Colorado, had lived with his wife and children before his arrest, and recalled that he paid $1,200 per month in rent. He stated that he typically worked in the United States as a landscaper for cash payment

---

[1]  At sentencing, defense counsel never asked the court whether it was making a finding that Defendant reentered before 2017, nor did counsel argue that such a finding would be clear error.  Consequently, the government argues that we should review this argument only for plain error.  If our review is for plain error, we will reverse only if Defendant shows "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wireman*, 849 F.3d 956, 962 (10th Cir. 2017) (internal quotation marks omitted).  But since we discern no error, there is no need to decide whether the plain-error standard applies.  *See United States v. Sayad*, 589 F.3d 1110, 1117 n.2 (10th Cir. 2009).

but did not identify a current employer. And he stated that he last drank alcohol in 2004, although the charge on which he was arrested in 2017 was driving under the influence.

At the sentencing hearing the court explained that it was "extraordinarily concerned about [Defendant's] presence in the United States, flying under the radar, working for cash, and not knowing where his family is, according to the presentence report. . . . [T]his suggests to me that I need to be concerned about whether the last sentence I imposed had the deterrent effect I had intended, which was not coming back to the United States illegally." R., Vol. III at 16. It pointed out that though Defendant was residing with his wife and children at the time of the arrest, and had been for a year, he claimed that he could not recall the address—even as he could recall the rent precisely— and that though he could identify specific employers during his previous periods of residence in the United States, he did not identify his most recent employer. It also noted a number of "statements that are inconsistent, ambiguous, unclear, as to facts which would demonstrate that [Defendant] came back in 2017, as he states he did." *Id.* at 31; *see also id.* at 30 ("The question in my mind is how long he has been here."). It questioned how Defendant could have a (then) eight-year-old child, who was presumably conceived in 2009, if he had not returned to the United States between 2007 and 2017, and it noted the apparent two-year gap between when he said he left his parents' home in Mexico and when he said he reentered this country.

Nevertheless, after first expressing doubts, the court stated that it "ha[d] not made findings" on matters including whether Defendant had entered before 2017. *Id.* at 17. Nor did the court later rescind that statement, make an express finding that Defendant had

returned before 2017, or specify any earlier date at which it thought he might have returned. Instead, the court explained its sentence in terms of Defendant's history of recidivism generally: "[U]ltimately, in assessing [Defendant's] likelihood of returning to the United States, he has a track record of coming back illegally. He has a greater justification for coming back now than he did in 2004, because he has two U.S. kids. And I cannot in good conscience find that a 14-month sentence—even though that is a guideline sentence—is sufficient to deter his return after he is deported." *Id.* at 31–32. The court stated that it was "left with the obvious conclusion that if 33 months was not sufficient last time, certainly nothing less than that will be sufficient this time." *Id.* at 32.

In sum, the court expressed quite reasonable doubts about the credibility of Defendant's account but ultimately justified an increase in the sentence (as recommended, although to a lesser extent, by the PSR) on the need for deterrence in light of the failure of his previous sentence to deter him from reentry and his likely significant motivations for reentering in the future. We reject the suggestion that the court made a finding that Defendant returned to the country before 2017, or that it selected a sentence based on such a finding.

Defendant's second claim of procedural error is that the court failed to attempt to select a sentence sufficient, but not greater than necessary, to comply with the permissible purposes of sentencing. *See Dean*, 137 S. Ct. at 1175 (describing this requirement as the parsimony principle). Defendant concedes that he did not raise this argument in the district court and so our review is only for plain error. *See Wireman*, 849 F.3d at 961. "We will find plain error only when there is (1) error, (2) that is plain, which

11

(3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 962 (internal quotation marks omitted). We see no error. The factual basis of Defendant's claim is contradicted by the record. The court expressly relied on the parsimony principle, stating that "to serve the objectives of promoting respect for the law, providing just punishment, deterring future criminal conduct, and protecting the public from further crimes by the defendant . . . the sentence that is sufficient but not greater than necessary cannot be less than 33 months." R., Vol. III at 32; *see United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) ("The record clearly reflects that the district court was aware of its responsibilities under § 3553(a)."). Defendant argues that although the court paid "lip service" to the parsimony principle, it in fact was "driven only to find a sentence sufficient to deter [Defendant] from coming back to the United States." Aplt. Br. at 17. But § 3553(a) *required* the district court to select a sentence sufficient to "afford adequate deterrence to criminal conduct." Having determined that no sentence shorter than 33 months would achieve that goal, the court did not err in imposing that sentence. *Cf. Sandoval-Enrique*, 870 F.3d at 1215 (affirming a sentence imposed to deter future reentries as within the district court's discretion); *Cruz-Artiaga*, 739 F. App'x at 495 (same); *Espinoza-Flores*, 712 F. App'x at 837 (same).

## III.    CONCLUSION

We **AFFIRM** Defendant's sentence.

Entered for the Court


Harris L Hartz
Circuit Judge
