[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13534
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00026-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT FRANCIS PRATERSCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 31, 2020)

Before WILSON, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Pratersch appeals his 15-month sentence for threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B), and transmitting a threatening communication in interstate and foreign commerce, in violation of 18 U.S.C. § 875(c).  He argues that his sentence is substantively unreasonable because the district court failed to properly weigh the 18 U.S.C. § 3553(a) factors in determining whether to impose a downward variance.[1]  After review, we affirm.

I.

Following threatening phone calls to the office of Senator Bernard Sanders, Pratersch was charged with threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B), and transmitting a threatening communication in interstate and foreign commerce, in violation of 18 U.S.C. § 875(c).[2]  A jury convicted him of

---

[1] Section 3553(a) mandates that the district court "impose a sentence sufficient, but not greater than necessary" to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)–(D).  In addition, the court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the guideline sentencing range; (4) any pertinent policy statements; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to any victims.  *Id.* § 3553(a)(1), (3)–(7).

[2] The underlying communications and threats were made on September 29, 2018 in phone calls to the Burlington, Vermont office of Senator Bernard Sanders.  The communications stated:

First Message (4:43 p.m.)
Bernie, you Jew bastard.  You had your chance.  Now we're going to behead you ISIS style video taped for the world to see.  [Inaudible] f--king hoes you got working for you.  What do you got them sucking your c-ck too?  You freak bastard.

2

both counts and the district court sentenced Pratersch to 15-months imprisonment

and one-year supervised release.  At sentencing, without objection by either party,

the district court adopted the factual findings and guideline calculations in the

presentence investigation report ("PSI") and determined that the advisory guideline

range for Pratersch's convictions was 15 to 21 months imprisonment.[3]  The PSI

also recommended a downward variance to three years of probation.  The

government argued that Pratersch should be sentenced at the low end of the

guidelines and even if the court varied downwards it should still impose some

period of incarceration for deterrence value.

In issuing Pratersch's sentence, the district court compared Pratersch's

actions to those of  24-year-old Jeremy Addison, who sent three different letters

threatening President Obama (including one in an envelope also containing white

---

Second Message (5:12 p.m.)
Bernie you f--king Jew bastard.  How's the knife going to feel cutting your head off boy?  You Jew f--king c-cks-cker.

Third Message (5:13 p.m.)
You p--sy ass f--king Bernie Sanders c-cks-cker.  Leave your name and address we'll get back to you.  You motherf--ker.  Listen you Jew f--king c-cks-cker. You're dead.  You're f--king dead.

[3] The statutory maximum penalty is ten years for threatening to murder an official, 18 U.S.C. § 115(b)(4), and five years for making a threatening communication in interstate or foreign commerce, 18 U.S.C. § 875(c).

powder) and was sentenced to 84-months imprisonment after pleading guilty.[4]  The district court recognized that there were some differences between Pratersch's actions and Addison's actions: unlike Addison's threats, Pratersch's threats reached the recipient's office; unlike Addison, Pratersch did not accept responsibility; and, unlike Addison, Pratersch lied under oath.  The district court then stated that it was "trying to achieve some fairness across the board" and could not "think of a reason why [Pratersch] should get a downward variance especially in light of [Addison]."  While the district court indicated it "look[ed] desperately in all of these cases to try to find a reason to downward vary," the court concluded that it "just can't in good conscience . . . live with [itself] knowing that [] Addison is serving 84 months in prison for pretty much the same thing . . . while you're just going to walk out of here with a slap on the hand when you both cause the same amount of chaos and threats."

The district court sentenced Pratersch to 15-months imprisonment and one year of supervised release, stating, "[a]fter considering the advisory sentencing guidelines and all of the factors identified in Title 18, U.S. Code, Sections 3553(a)(1) through (7), the Court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing."

---

[4] The district court noted that Addison had a "significantly worse criminal history than Mr. Pratersch" and therefore his guidelines range was significantly higher: 84 to 105 months.

On appeal, Pratersch argues that his 15-month sentence is substantively unreasonable because the district court gave significant weight to an insignificant factor: the need to avoid a disparity and unfairness with an unrelated case where a defendant was sentenced to 84 months for similarly making threatening communications to a federal official.  He points to an unpublished, nonbinding opinion from this court in *United States v. Ochoa-Molina*, 664 F. App'x 898, 898–99 (11th Cir. 2016) to support his contention.

## II.

We review the substantive reasonableness of a sentence for an abuse of discretion.  *United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015).  A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)).  "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)).  Ultimately, we will only vacate a defendant's sentence if we have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

5

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Carpenter*, 803 F.3d at 1234.

### III.

Upon careful review, we conclude that the district court did not abuse its discretion because Pratersch's sentence is not substantively unreasonable. A discussion of each of § 3553(a)'s factors is unnecessary; the court's acknowledgment that it has considered the § 3553(a) factors will suffice. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). The court's failure to discuss mitigating evidence does not indicate that it ignored or did not to consider the evidence in making its determination. *Id.* at 833.

The party challenging the sentence bears the burden of proving that the sentence is unreasonable in light of the record and § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We ordinarily expect a sentence imposed within the guideline range to be reasonable. *United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016). Another indicator of reasonableness is a sentence imposed well below the statutory maximum penalty. *Id.* at 1310.

Here, following its discussion of Addison's similar case, the district court mentioned, analyzed, and applied the § 3553(a) factors—the need to deter Pratersch and others from threatening officials based on their political viewpoint and the seriousness of the offense—and stressed on the particular circumstances of

Pratersch's case: Pratersch's threats had reached the official's office, he failed to accept responsibility, and his testimony at trial was not credible. *See Amedeo*, 487 F.3d at 832. Furthermore, the 15-month sentence imposed was at the lower end of the advisory guideline range and well below the statutory maximum. *See Croteau*, 819 F.3d at 1309–10. We conclude that the district court did not abuse its discretion and Pratersch's sentence is substantively reasonable.[5]

    **AFFIRMED.**

---

[5] We also note that Pratersch's argument relies primarily on an unpublished, nonbinding opinion from this court in *United States v. Ochoa-Molina*, 664 F. App'x 898, 898–99 (11th Cir. 2016). However, we distinguish Pratersch's case from our prior decision in *Ochoa-Molina*. To start, unlike in *Ochoa-Molina* the district court did not say that it could not vary at all to give Pratersch a lower sentence, rather it stated that it could not "in good conscience" vary. This distinction is important because the court was invoking its own discretion. Further, the district court did not impose a "floor" on Pratersch's sentence, since Pratersch's sentence was 69 months lower than Addison's. Instead, the court merely analogized between the two cases to determine if a variance was appropriate. Consideration of a similar situation and sentence was a permissible, and in fact required, aspect of the district court's decision. *See* § 3553(a)(6) (stating that among the factor the court shall consider is the need to avoid unwarranted sentence discrepancies).