[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10045
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00073-JDW-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BARAJAS-PALOMAR,
a.k.a. MANUEL MARTINEZ-SANCHEZ
a.k.a. JUAN BARAJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2020)

Before GRANT, LUCK and FAY, Circuit Judges.

PER CURIAM:

Juan Barajas-Palomar appeals his 18-month sentence, which was imposed after the district court revoked his supervised release.  We affirm.

## I. BACKGROUND

### A. Underlying Conviction & Sentence

In February 2016, a grand jury indicted Barajas-Palomar, a native and citizen of Mexico, in relevant part, for reentering the United States, without permission, after previously having been convicted of possessing cocaine, in violation of 8 U.S.C. § 1326(a), (b)(1) (Count One).  Barajas-Palomar pled guilty.

According to the presentence investigation report ("PSI"), Barajas-Palomar first was deported from the United States in December 1992, subsequently tried to reenter the United States, and again was deported five other times; additionally, in 2011 and 2013, he was convicted of illegal entry.  Accordingly, the PSI determined that, based on a total offense level of 10 and a criminal history category of III, the guideline range was 10 to 15 months of imprisonment, with up to 3 years of supervised release.

The district court adopted the PSI's calculations; however, finding that Barajas-Palomar's history of recidivism was "shocking," the court concluded that an above-guideline sentence was warranted to deter him, promote respect for the law, and protect the public.  The court varied upward and sentenced Barajas-Palomar to 36 months of imprisonment, to be followed by 3 years of supervised

2

release.  The conditions of his supervised release included not committing any other federal, state, or local crime, and the special condition of not reentering the United States without permission if he was deported.  Barajas-Palomar was deported in October 2018.

**B. Revocation of Supervised Release**

In November 2019, the probation office filed a superseding petition asking the district court to issue a warrant for Barajas-Palomar's arrest for violating the terms of his supervised release.  Specifically, the petition alleged two violations: (1) new criminal conduct, namely, a conviction in the Southern District of Texas for illegal reentry as a deported alien; and (2) illegally reentering the United States without express permission, in violation of the special conditions of his supervision.  The probation office determined that the guideline range for a sentence imposed after revocation of supervised release was 8 to 14 months of imprisonment, pursuant to U.S.S.G. § 7B1.4(a).

At the final revocation hearing, Barajas-Palomar admitted to both violations. The district court accepted his admission, found that he had violated the terms of his supervised release, and revoked his supervised release.  After hearing mitigation arguments from Barajas-Palomar and the government's arguments, the court stated that, when considering the 18 U.S.C. § 3553(a) factors, it had "long since passed the point of trying to deter [Barajas-Palomar]," who had "no respect

3

for the United States laws as evidenced by his multiple deportations and returns."
The court further stated that it understood and was empathetic towards Barajas-
Palomar's medical circumstances, but those did not excuse his violations of the
law.  The court was "fairly confident" that the Southern District of Texas "was
thinking along the same lines" when it imposed a 20-month sentence, which the
court found was a "fairly significant sentence" that "underscore[d] the lack of
respect [Barajas-Palomar] has by continuing to return to this country illegally."

The court then found that a within-guideline range sentence was not
sufficient to satisfy the statutory purposes of § 3553(a) and imposed an upward-
variance sentence of 18 months of imprisonment.  Barajas-Palomar objected to the
procedural reasonableness of the sentence, in that it exceeded the guideline
amount, and the substantive reasonableness of the sentence, in that it was more
severe than necessary under the circumstances.

## II. DISCUSSION

On appeal, Barajas-Palomar argues that the district court abused its
discretion by imposing a substantively unreasonable, above-guideline sentence.
He also argues that the district court committed a clear error of judgment because it
relied on the irrelevant factor of his prior sentences and did not explain its reasons
for the upward variance.

We review the substantive reasonableness of the district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). When reviewing for procedural reasonableness, we ordinarily consider legal issues *de novo* and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We have held that a defendant's argument that a district court failed to explain the reasons for its above-guideline sentence is reviewed *de novo*, even when a defendant fails to object on those grounds below. *United States v. Parks*, 823 F.3d 990, 996-97 (11th Cir. 2016).

Under 18 U.S.C. § 3583(e), a district court may, upon finding that a defendant has violated the conditions of his supervised release, revoke the term of supervised release and impose a sentence of imprisonment, after considering the § 3553(a) sentencing factors. 18 U.S.C. § 3583(e)(3). The factors set out in § 3553(a) include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a). Further, the commentary to the Guidelines provides that, "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G Ch.7, Pt. A, intro. cmt. 3(b).

5

When reviewing a sentence for reasonableness, we utilize a two-step process whereby we first ensure that the district court committed no significant procedural error, and then determine whether the district court's sentence was substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). The failure to explain a chosen sentence is a procedural error. *Id.* In explaining the chosen sentence, however, the district court need not provide detailed reasoning or make specific findings about the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc). The district court's explanation must only be adequate "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

As to substantive reasonableness, the district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). Nonetheless, the district court has wide discretion in considering and weighing the § 3553(a) factors, including deciding whether the factors justify a variance from the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Accordingly, the district court does not have to give all the

6

factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

An indicator of an unreasonable sentence is a district court's unjustified reliance on any one of the § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, a district court's sentence does not become unreasonable merely because the court did not accept the prosecutor's or defense counsel's recommendation. *See United States v. Valnor*, 451 F.3d 744, 745-46 (11th Cir. 2006).

As an initial matter, even though Barajas-Palomar did not specifically object to the court's lack of explanation for the upward variance, and now raises the challenge in conjunction with his substantive reasonableness analysis, this assertion is a procedural argument that we review *de novo*. *See Parks*, 823 F.3d at 996-97. Nonetheless, his argument is meritless because the district court adequately explained its reasons for varying upward.

While the district court was not required to make specific findings about the § 3553(a) factors or provide detailed reasoning, it specifically explained that it had considered Barajas-Palomar's mitigating arguments and was imposing an upward variance to comply with the § 3553(a) factors, namely, the need to deter him and promote respect for the law when his previous convictions had clearly failed to do

7

so. *See Irey*, 612 F.3d at 1195. Thus, the court did not procedurally err in imposing an 18-month sentence, as its explanation was adequate to show that it had considered the parties' arguments and had a reasoned basis for its chosen sentence. *See Rita*, 551 U.S. at 356.

As for the substantive reasonableness of his sentence, his conviction in Texas was directly relevant to breach of trust, given that it was a violation of his supervised release, and the court properly exercised its discretion by focusing on its need to deter him and promote respect for the law, based on his six prior deportations. *See* U.S.S.G Ch.7, Pt. A, Introduction, 3(b); *Rosales-Bruno*, 789 F.3d at 1254; 18 U.S.C. § 3553(a). Barajas-Palomar relies on our unpublished, nonbinding, decision in *United States v. Ochoa-Molina*, 664 F. App'x 898 (11th Cir. 2016), and argues that the court abused its discretion by giving improper weight to his prior sentences, which he argues were irrelevant to the proper consideration of whether his conduct constituted a "breach of trust." However, unlike in *Ochoa-Molina*, the district court here did not use his 20-month sentence for his Texas conviction as a "floor" for his current sentence. *See id.* at 900. Instead, the court pointed out that the district court in Texas probably had imposed a significant sentence based on the same reasoning—that a longer sentence was needed to adequately deter Barajas-Palomar from illegally reentering the United States for the eighth time.

8

Finally, his sentence was not unreasonable merely because the district court did not accept the parties' sentencing recommendations. *See Valnor*, 451 F.3d at 745-46. Thus, the district court did not give significant weight to an improper factor or commit a clear error of judgment in considering the proper factors. *See Irey*, 612 F.3d at 1189.

**AFFIRMED.**