**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12197

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CARMEL LINOT,
a.k.a. Linot Carmel,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00108-BJD-PDB-1

_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Carmel Linot appeals his total sentence of 84 months' imprisonment imposed after he pleaded guilty to bank fraud and

aggravated identity theft.  He argues that the sentence, which was an upward variance from the applicable guidelines range, is substantively unreasonable.  After review, we affirm.

## I.    Background

A grand jury indicted Linot on one count of bank fraud, one count of mail fraud, two counts of falsely representing a Social Security number, and two counts of aggravated identity theft. Pursuant to a written plea agreement, he pleaded guilty to bank fraud and one count of aggravated identity theft.[1]  As relevant here, the plea agreement provided that the government intended to seek an upward variance from the guidelines range.

The presentence investigation report indicated that Linot knowingly opened a bank account with Community First Credit Union ("CFCU") using false information including a Social Security number that belonged to a minor child and a counterfeit driver's license.  He also used the same stolen Social Security number to obtain a Visa credit card with a $500 credit limit from CFCU. Through a series of transactions on the card, Linot caused a loss of $1,322.73.  Linot had several prior convictions involving similar financial fraud schemes including: (1) 2016 Florida convictions for knowingly participating in an intentional motor vehicle accident

---

[1] Linot's plea agreement contained a sentence-appeal waiver, but provided that he could appeal the sentence if it "exceed[ed] the defendant's applicable guidelines range as determined by the [c]ourt pursuant to the United States Sentencing Guidelines."  Thus, because the district court imposed an above-guidelines sentence, the sentence-appeal waiver does not bar this appeal.

24-12197                Opinion of the Court                3

and filing false insurance claims; (2) 2016 Florida convictions for defrauding financial institutions, and two counts of criminal use of personal identification; and (3) a 2017 federal conviction for aggravated identity theft. Linot faced an advisory guidelines range for the bank fraud count of 6 to 12 months' imprisonment, while the aggravated identity theft count carried a statutory mandatory consecutive term of 2 years' imprisonment. The bank fraud count carried a statutory maximum of 30 years' imprisonment.

As relevant here, the government filed a motion requesting that the district court vary upward from the applicable guidelines range and impose a sentence of 96 months for bank fraud and the mandatory 24 months for aggravated identity theft for a total of 120 months.[2] The government explained that an upward variance was warranted, in part, because (1) Linot committed the present offenses while under supervision for his 2017 identity theft conviction; (2) he had previous convictions for similar crimes, but those sentences had not adequately deterred him; and (3) he used the Social Security number of a minor.

Linot filed a sentencing memorandum requesting the court consider several mitigating circumstances in determining his sentence, including that he came from a stable home; he had a

---

[2] As an alternative to an upward variance, the government requested an upward departure under U.S.S.G. § 4A1.3(a)(1), but the district court did not pursue the formal departure route. Instead, the district court imposed a variance. Accordingly, we omit any discussion related to the alternative upward departure request.

college degree; he possessed a number of positive personal characteristics; he came from a poor socioeconomic area with high crime rates; he suffered from an excessive sweating disorder which made him self-conscious; he had lifelong mental health struggles, including depression, anxiety, and auditory hallucinations for which he had never received the proper treatment; he had taken responsibility for his actions; and the offenses involved a "relatively low amount of loss."

At sentencing, after adopting the PSI, the district court heard arguments from both parties regarding the appropriate sentence. Linot argued for a sentence between four and five years, noting that the guidelines already accounted for his criminal history, the financial loss was small, and he accepted responsibility. He then emphasized the mitigating circumstances present, particularly his lifelong mental health struggles and inadequate treatment. Linot then made a statement to the court requesting leniency and for the court to give him an opportunity to be successful and become a productive member of society.

Next the mother of the minor victim spoke and emphasized how the crimes had negatively affected her and her son. She explained that Linot's crimes caused her to worry about her son's future and the effect this incident would have on his life and credit. She said that this incident made her afraid to let her son do

anything, and she "kept him in the house."[3]  She acknowledged that Linot put forward mitigating health issues, but she pointed out that none of those issues stopped him from carrying out these crimes and using her son's information.  Finally, she emphasized that what had happened to her son was not "fair," and she thought that a year sentence was not long enough.

The government argued for a 10-year sentence, emphasizing the nature of the offenses, their similarity to Linot's criminal history, and the fact that Linot was on supervision when he committed them.  The government maintained that a 10-year sentence would reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate deterrence.

The district court varied upward from the guidelines range and imposed a total sentence of 7 years—60 months' imprisonment for bank fraud to be followed by the mandatory consecutive 24 months' imprisonment for aggravated identity theft—and five years' supervised release.  In imposing the sentence, the district court noted that Linot's case was "so unfortunate" given that he was intelligent, educated, had a supportive family, and good interpersonal skills, and he had chosen to "squander[]" those strengths.  The court emphasized that Linot had "continued almost incessantly to lie and steal" and even Linot's longest prior sentence

---

[3] The mother's testimony indicated that she believed Linot obtained her son's social security number because her son and his son played youth football together on the same team.

of five years had "no deterrent effect whatsoever." Thus, the court concluded that Linot's continued criminal behavior "suggest[ed] . . . that more time need[ed] to be imposed" in order to get Linot's "attention, to change [his] decision-making." The court reasoned that the 84-month sentence, which was less than the government requested, adequately accounted for the § 3553(a) factors and Linot's mitigating circumstances while also promoting respect for the law and providing necessary deterrence.

Linot objected to the procedural and substantive reasonableness of the sentence and asserted that the district court had relied too heavily on Linot's prior sentences in reaching its decision. The district court explained that it "considered not only previous sentences but other matters under [§ 3553], which [made] the sentence reasonable and fair." This appeal followed.

## II.    Discussion

Linot argues that his sentence is substantively unreasonable because the district court relied too heavily on his prior sentences, and that the sentence is overly harsh given his acceptance of responsibility and the minimal financial loss.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence, the district court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant"; the guidelines range; the "kinds of sentences available"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution." *Id.* § 3553(a)(1), (3)–(4), (6)–(7). When evaluating the history and characteristics of the defendant, a court may properly consider a defendant's previous offenses, even where those offenses are already part of the calculation of his guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008); *see also United States v. Shaw*, 560 F.3d 1230, 1240–41 (11th Cir. 2009) (holding that the district court did not abuse its discretion in considering the length of previous sentences to determine the appropriate sentence length necessary to deter future criminal conduct).

The weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and it is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted). "We will not second guess the weight given

to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *Butler*, 39 F.4th at 1355. The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

"Upward variances are imposed based upon the § 3553(a) factors." *Butler*, 39 F.4th at 1355. No presumption of reasonableness or unreasonableness applies to a sentence that lies outside the advisory guidelines range. *Id.* "When imposing a variance, a district judge must give serious consideration to the extent of any departure from the [g]uidelines and must explain [his] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* (quotations omitted). In reviewing the reasonableness of such a sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotations omitted).

24-12197              Opinion of the Court                9

Here, the district court did not abuse its discretion in varying upward from the applicable guidelines range of 6 to 12 months' imprisonment and imposing a sentence of 60 months' imprisonment for the bank fraud count.[4]  The district court explained that an upward variance was appropriate because of the nature and circumstances of the offense, and the need to promote respect for the law, and to deter Linot from committing future criminal conduct.  Linot's argument that the district court placed too much weight on his prior sentences which were already accounted for by the guidelines is unpersuasive.  It is well-established that the district court was entitled to consider Linot's prior offenses even if they were already accounted for by the guidelines. *See Williams*, 526 F.3d at 1324; *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) ("Courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed, and [p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." (alteration in original) (quotations and citation omitted)). And the district court properly considered Linot's prior sentences in order to determine the appropriate sentence length necessary in

---

[4] The district court then added the mandatory consecutive term of 24 months' imprisonment for the aggravated identity theft count, which resulted in a total sentence of 7 years.

this case to deter future criminal conduct.[5]  *See Shaw*, 560 F.3d at 1240–41.

Although Linot argues that the sentence is overly harsh in light of his acceptance of responsibility and the minimal financial loss, the record confirms that the district court considered those factors in determining the appropriate sentence, and it acted within its discretion in giving more weight to certain sentencing factors over others.  *See Rosales-Bruno*, 789 F.3d at 1254.  "We will not second guess the weight" the district court gave the § 3553(a) factors.  *Butler*, 39 F.4th at 1355.

Finally, we note that Linot's total 84-month sentence is well-below the statutory maximum of 30 years' imprisonment,

---

[5] Linot argues that his case is similar to our unpublished decision in *United States v. Ochoa-Molina*, 664 F. App'x 898 (11th Cir. 2016), and that *Ochoa-Molina* establishes that his sentence is substantively unreasonable.  We disagree.  First, "[a]s an unpublished decision, [*Ochoa-Molina*] is not binding precedent." *United States v. Morris*, 131 F.4th 1288, 1293 n.3 (11th Cir. 2025).  Second, Linot's case is factually distinguishable from *Ochoa-Molina*.  In *Ochoa-Molina*, the district court relied so heavily on the defendant's prior sentence in fashioning the current sentence that we concluded that the district court had improperly created a mandatory floor for the current sentence based on the outcome of the prior sentencing and failed to conduct its own analysis of the relevant § 3553(a) factors, thereby improperly substituting the judgment of another court for its own.  664 F. App'x at 900.  To the contrary, in Linot's case, there is no indication that the district court treated his prior sentences as a *de facto* mandatory floor for the current sentence, and the record confirms that the district court thoroughly examined and considered the § 3553(a) factors.  Accordingly, *Ochoa-Molina* does not compel the conclusion that Linot's sentence is substantively unreasonable.

which is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is an indicator of reasonableness). Accordingly, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (en banc) (quotations omitted). Consequently, we conclude that Linot's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**