**UNITED STATES of America,**
**Appellee,**

v.

**Pablo TORRES, Ricardo Frias,**
**Defendants–Appellants,**

**John Torres, Santiago Jiminez, Piter Limones–Valdez, Ivan Fuertes, Ricardo Frias, Rafael Ramirez, Defendants.**

No. 05–6612–cr.

United States Court of Appeals,
Second Circuit.

April 21, 2008.

Stephen J. Meyer, Assistant United States Attorney (Emily Berger, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

J. Scott Porter, Seneca Falls, NY, for Defendant–Appellant Pablo Torres.

PRESENT: Hon. PIERRE N. LEVAL, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Pablo Torres appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*), entered December 2, 2005, convicting him, upon his plea of guilty, of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(i). Torres was sentenced to 144 months' imprisonment, a four-year term of supervised release and a $100 special assessment. Torres's prison sentence constituted a downward departure from the applicable Sentencing Guideline Range of 188 to 235 months' imprisonment. We assume the parties' familiarity with the underlying facts of this case, its procedural posture, and the issues on appeal.

Torres argues that the district court did not adequately consider the sentencing factors embodied in 18 U.S.C. § 3553(a) when imposing sentence because it: (1) focused exclusively on the reasonableness of the applicable Sentencing Guideline; (2) did not consider Torres's drug addiction as a mitigating factor; and (3) did not explain how Torres's sentence was sufficient, but not greater than necessary, to achieve the purposes of sentencing.

We review sentences for reasonableness, *see United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), both as to "the sentence itself" and "the procedures employed in arriving at the

---

sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.), *cert. denied,* ——— U.S. ———, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). In the absence of record evidence indicating otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the § 3553(a) factors. *Id.* at 30.

In contrast to Torres's first assertion, the record indicates that the district court properly considered the sentencing criteria contained in § 3553(a). During sentencing, the district court referenced the nature of Torres's offense, his criminal history and personal characteristics, the seriousness of his offense, and the need for his sentence to promote respect for the law. With regard to the § 3553(a) factors of deterrence and public safety, the district court explicitly stated that "[a] longer sentence[ ] is reasonable and necessary to deter you from committing these crimes and frankly to protect the public from further crimes committed by you." Nothing in the record suggests we should deviate from our customary presumption that the district court understood and observed its obligations under § 3553(a).

Although Torres argues that his drug addiction and lack of treatment should constitute mitigating factors for purposes of sentencing, the "requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement that the factor be given determinative or dispositive weight." *Id.* at 32. Moreover, § 3553(a)(5) instructs sentencing courts to consider any pertinent policy statements issued by the sentencing commission, including U.S.S.G. § 5H1.4, which counsels that drug addiction should not ordinarily be considered in sentencing. It was therefore eminently reasonable for the district court, in balancing the § 3553(a) factors, to abstain from further reducing Torres's below-Guidelines sentence due to his drug addiction.

Finally, after considering the fact that Torres's two prior sentences of three-to-six years failed to deter him, the district court concluded that a longer period of incarceration was necessary to achieve the statutory goals of sentencing. This, considered alongside the fact that Torres received a below-Guidelines sentence, causes us to reject Torres's argument that his sentence was greater than necessary to achieve the statutory objectives of sentencing.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.