15-108-cr
United States v. Miller

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                              No. 15-108-cr

HOWELL MILLER, AKA "Charlie," AKA "C,"
*Defendant-Appellant*,

MICHAEL WALKER,
*Defendant*.*

------------------------------------------------------------------------

FOR APPELLANT:                 John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, New York.

FOR APPELLEE:                  Jason A. Masimore, Diane Gujarati, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 22, 2014, is AFFIRMED.

Defendant Howell Miller stands convicted, following a guilty plea, of conspiracy to distribute and to possess with intent to distribute more than 1,000 kilograms of marijuana, see 21 U.S.C. §§ 841(b)(1)(A)(vii), 846, a crime he committed while on supervised release from a prior conviction for cocaine trafficking and firearms possession, see App'x 75; PSR ¶ 72. Miller's sole contention on appeal is that his 144-month prison sentence, a downward variance from his 151–188-month Guidelines range,[1] was substantively unreasonable because the only reasonable sentence is one at the statutory minimum of 120 months' imprisonment. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[2]

In asserting substantive unreasonableness, Miller bears a heavy burden because we generally accord considerable deference to a district judge's determination of the sentence warranted in a particular case, see United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012), identifying error "only in exceptional cases where the trial court's

---

[1] This range credited Miller with a Guidelines amendment that had not yet taken effect; otherwise, his range would have been 188–235 months' imprisonment.

[2] Because Miller's appeal is meritless, we decline to inquire into the timeliness of his notice of appeal under Fed. R. App. P. 4(b), which is not jurisdictional. See United States v. Culbertson, 598 F.3d 40, 44–45 (2d Cir. 2010).

decision cannot be located within the range of permissible decisions," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted); see also United States v. Jones, 531 F.3d 163, 171–74 (2d Cir. 2008) (recognizing broad range of sentences as reasonable). Because a within-Guidelines sentence will rarely fall outside the permissible range, see United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), it is particularly difficult to mount a successful substantive challenge to a below-Guidelines sentence, see United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011). The "few cases" raising substantive concerns are those in which the sentence is so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that allowing it to stand would "damage the administration of justice." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case.

As the district court's consideration of the 18 U.S.C. § 3553(a) factors manifests, Miller's crime involved numerous aggravating circumstances. Miller pleaded guilty to a lengthy conspiracy, spanning ten years. In that time, conspirators distributed "massive quantities" of marijuana, totaling between 10,000 and 30,000 kilograms. App'x 75, 89; see 18 U.S.C. § 3553(a)(2)(A). Miller himself purchased a trailer used to transport these large quantities of marijuana from Arizona and Texas to New York. See App'x 75; see also 18 U.S.C. § 3553(a)(1). Further, as the district court recognized, Miller's criminal history raised a significant recidivism concern. See 18 U.S.C. § 3553(a)(2)(C). The ten-year sentence served on Miller's 1992 conviction for conspiring to traffic in cocaine (and possession of a firearm in relation to that trafficking) did not deter him from, in 2002, joining the marijuana conspiracy charged in this case. Nor did 21 months'

3

imprisonment for violating his supervised release in 2006 have a deterrent effect. Notwithstanding a renewed term of supervision, Miller continued to participate in the conspiracy crime of conviction until his arrest in 2012. See App'x 88–89.

Miller nevertheless faults the district court for relying too heavily on this history, to the exclusion of mitigating factors such as his attempts at self-rehabilitation, his professed ignorance of the conspiracy's full scope, and changing laws and mores regarding narcotics offenses. See Appellant Br. 11–12. These arguments fail because the weight to be afforded such considerations is a "matter firmly committed to the discretion of the sentencing judge," and we identify no abuse of that discretion here. United States v. Fernandez, 443 F.3d at 32; see also United States v. Broxmeyer, 699 F.3d at 289 (explaining that purpose of appellate review is to ensure only that such factors bear weight assigned under totality of circumstances). Miller's claim that he received insufficient credit for rehabilitative efforts is undermined by the record, which reflects the district court's concern that a within-Guidelines sentence—even one affording Miller a two-point offense-level reduction for which he was not strictly eligible—was "too much" in light of his successful management of a construction business with numerous employees. App'x 89. Similarly, Miller's professed lack of knowledge of the conspiracy's scope is somewhat at odds with his plea to "knowingly and intentionally" conspiring to distribute more than 1,000 kilograms of marijuana. Id. at 56–57. Finally, to the extent the focus of drug-law enforcement may be shifting from drug quantities to defendants' conduct, the district court afforded Miller the benefit of the anticipated Guidelines amendment reflecting this shift. Its failure to afford still more

4

weight to this factor was not an abuse of discretion, particularly given the aggravating factors identified. Thus, the 144-month prison term, 24 months longer than the mandated statutory minimum, did not fall outside the range of permissible sentences under the circumstances.

We have considered Miller's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court