21-441-cr
*United States v. Guzman*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of May, two thousand twenty-two.**

PRESENT:
BARRINGTON D. PARKER,
JOSEPH F. BIANCO,
EUNICE C. LEE,
*Circuit Judges.*

---

United States of America,

*Appellee,*

v.                                                             21-441-cr

Elias Guzman,

*Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:        JAMES P. MAGUIRE, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT.

FOR APPELLEE:        BRIAN P. LEAMING, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Elias Guzman appeals from a judgment, entered on February 23, 2021, by the United States District Court for the District of Connecticut (Shea, *J.*), imposing a 60-month sentence of incarceration to be followed by three years of supervised release. On October 14, 2020, Guzman pleaded guilty to one count of possession with intent to distribute and distribution of fentanyl and cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). At sentencing, the district court eliminated the disparity between crack and powder cocaine and applied a 1:1 ratio for purposes of calculating the advisory range under the United States Sentencing Guidelines. Therefore, with a criminal history category VI, Guzman's advisory range was reduced from 63 to 78 months' imprisonment (based upon a total offense level 19) to 24 to 30 months' imprisonment (based upon a total offense level 10). After considering the required sentencing factors under 18 U.S.C. § 3553(a), the district court imposed an above-Guidelines sentence of 60 months' imprisonment. Guzman challenges both the procedural and substantive reasonableness of the sentence.

In our procedural and substantive review of a sentence imposed by a district court, we apply a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court commits procedural error where it: (1) "fails to calculate the Guidelines range;" (2) "makes a mistake in its Guidelines calculation;" (3) "treats the Guidelines as mandatory;" (4) "does not consider the [18 U.S.C.] § 3553(a) factors;" (5) "rests its sentence on a clearly erroneous finding of fact;" or (6) "fails adequately to explain its chosen sentence." *Id*. at 190. With respect to substantive

2

reasonableness, we will set aside a district court's sentence "only in exceptional cases" where the district court's sentence "cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted). Under this standard, we find an abuse of discretion by the sentencing court only where the sentence imposed is either "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.     Procedural Reasonableness

Guzman argues that the district court procedurally erred in arriving at the sentence by: (1) relying on an improper sentencing factor—the need for "incremental punishment;" and (2) failing to adequately consider the Section 3553(a) factors relevant to his sentence. *See United States v. Park*, 758 F.3d 193, 197–98 (2d Cir. 2014) (holding that a district court committed two independent procedural errors when it based its probationary sentence on an improper sentencing factor—namely, the cost of incarceration to the government—and refused to consider the Section 3553(a) factors in determining the appropriate sentence).

At sentencing, the district court explained "incremental sentencing" (often referred to as "incremental punishment") as the "basic concept" that "if the Court imposes a particular period of time served and it doesn't stop the person from engaging in crime, then the Court should impose an incrementally larger sentence next time." Joint App'x at 125. The district court further indicated that this consideration was "driv[ing] the sentence" here because of Guzman's four previous convictions for narcotics offenses (two of which also involved firearms), and because he committed the current offense while still on special parole after serving 35 months' imprisonment on a 2016

3

conviction for similar conduct.[1]  Joint App'x at 122–23.  As set forth below, we find no error in the district court's discretionary consideration of this issue in the context of the enumerated Section 3553(a) factors, as we find unpersuasive Guzman's contention that the district court considered this issue to the *exclusion* of its statutory duty to consider all of the sentencing factors relevant to his case.

As a threshold matter, to the extent that Guzman argues that the district court's consideration of "incremental punishment" is improper under the Section 3553(a) factors, we disagree.[2]  We have emphasized that "at the procedural part of review, we will not categorically proscribe any factor concerning the background, character, and conduct of the defendant, with the exception of invidious factors."  *Cavera*, 550 F.3d at 191 (internal quotation marks omitted).  Therefore, although "incremental punishment" is not a separate statutory factor under Section 3553(a), a district court is permitted to consider, in its discretion, the potential need for some type of incremental punishment for the instant offense, as compared to a prior sentence imposed on the defendant, in order to adequately address enumerated sentencing factors, including the "the need for the sentence imposed" to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), and "protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C);

---

[1]  The four convictions consist of the following:  (1) a 2011 conviction for sale of narcotics (which also involved possession of a .357 revolver), resulting in a 7-year sentence with Guzman serving about 2 ½ of those years in prison before being released on supervised parole; (2) a 2013 conviction for possession of narcotics, resulting in a year of imprisonment (concurrent with the prior sentence); (3) a 2016 conviction for possession of narcotics with intent to sell (which included Guzman driving a car containing crack, marijuana, and heroin, as well as 8 guns), resulting in a 60-month sentence with Guzman serving 35 months of incarceration; and (4) a 2016 conviction for possession of narcotics with intent to sell, resulting in a sentence of 2 years' imprisonment (concurrent with the separate 2016 conviction).

[2]  The government contends that Guzman failed to specifically object at sentencing to consideration of "incremental punishment," but rather more narrowly objected to the district court's "misbalancing of 3553(a) factors and the overreliance on incremental punishment."  Gov't Br. at 12, 20.  Therefore, the government urges us to examine this particular argument under plain error review.  We are dubious that such an objection was insufficient to preserve Guzman's argument but need not address this issue because we conclude that the argument fails regardless of the standard of review.

*see, e.g.*, *United States v. Mishoe*, 241 F.3d 214, 220 (2d Cir. 2001) ("Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses."); *see also* U.S. SENT'G GUIDELINES MANUAL, ch. 4, pt. A, intro. (U.S. SENT'G COMM'N 2021) ("General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence.").

Indeed, although not necessarily utilizing the term "incremental punishment," we have repeatedly affirmed sentences based, at least in part, on the district court's consideration of that issue within the Section 3553(a) framework. *See, e.g.*, *United States v. Schlisser*, 767 F. App'x 69, 72 (2d Cir. 2019) (summary order) (rejecting a substantive reasonableness challenge to an 84-month sentence based, in part, on the fact that "the 60-month sentence [defendant] served for his prior crime apparently did not deter him from committing the present offense"); *United States v. Miller*, 645 F. App'x 45, 46 (2d Cir. 2016) (summary order) (rejecting a substantive reasonableness challenge to a 144-month sentence based, in part, on the fact that "[t]he ten-year sentence served on [defendant's] 1992 conviction for conspiring to traffic in cocaine (and possession of a firearm in relation to that trafficking) did not deter him from, in 2002, joining the marijuana conspiracy charged in this case"); *United States v. Torres*, 274 F. App'x 41, 42 (2d Cir. 2008) (summary order) (rejecting reasonableness challenge to a 12-year sentence because, among other things, "after considering the fact that [defendant's] two prior sentences of three-to-six years failed to deter him, the district court concluded that a longer period of incarceration was necessary to achieve the statutory goals of sentencing").

5

Here, in exercising its sentencing discretion, the district court did precisely what our case authority permits. In particular, the district court did not treat "incremental punishment" as a standalone statutory factor, but rather it explicitly referenced consideration of that issue in relation to its discussion of the enumerated factors of deterrence and protection of the public. *See* Joint App'x at 125 ("When I think about the need for the sentence to protect the public and to specifically deter you, I have to look at what might do that. And I've got a record here of previous sentences that failed to do that, including one as long as 35 months."). Moreover, in explaining why this consideration was the driving force behind the sentence, the district court again reiterated that it was doing so as part of its need to adequately address those same statutory factors:

> [T]he longest term you served appears to be about 35 months. I think a period of 50 months or so, 51 months with good time credit is a reasonable increment over that that sends the right message in terms of specific deterrence and protecting the public, and to achieve that amount, I need to impose a sentence of 60 months. And so that's where I end up.

Joint App'x at 126–27.[3]

To be sure, a district court would commit procedural error if it indicated that it was *required* to impose a sentence that was incrementally higher than a prior sentence. Such an approach would improperly create a sentencing floor that would not allow the district court to appropriately consider, as mandated by Section 3553(a), all of the relevant factors in imposing an individualized sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a). The district court, however, made no such error in the instant case. In fact, the district court specifically noted that it does not believe that an incremental punishment is warranted in every case, but rather concluded it was an appropriate consideration in exercising its

[3] We note that the 60-month sentence imposed by the district court here was, in fact, the same sentence Guzman received for the 2016 conviction for similar conduct. The 35-month sentence referenced by the district court was the amount of time Guzman served on the 60-month sentence once he was released on supervised parole. *See* Pre-Sentence Report ¶ 49 ("Guzman entered custody on May 10, 2016" and was "released from custody to supervised parole in the community on April 11, 2019.").

6

discretion in this particular case. *See* Joint App'x at 125 ("I generally find that [*i.e.*, incremental sentencing] to be sound reasoning. I don't follow it in every case. Sometimes there are exceptions. But I do think it is sound reasoning for the facts of this case."). Thus, the instant case is distinguishable from the out-of-circuit case cited by Guzman, *United States v. Ochoa-Molina*, where remand was necessary because the sentencing court suggested that it was inappropriate to consider a sentence less than the 70-month sentence that had been imposed for a prior conviction and "in doing so, the district court effectively created a 70-month floor for his sentence based on the outcome of his prior sentencing and then decided how many more months to add." 664 F. App'x 898, 900 (11th Cir. 2016). In short, we reject Guzman's suggestion that the district court here *automatically* applied an "incremental punishment" in determining the sentence because of the existence of a similar prior conviction.

Guzman relatedly argues that the district court only considered the "incremental punishment" issue and, thus, "affirmatively refus[ed] to consider the § 3553(a) factors." Appellant's Br. at 15 (internal quotation marks omitted); *see also id*. at 15 ("[T]he district court structured the sentence nearly entirely around the fact that Mr. Guzman had previously served a 35-month sentence, ultimately without reference to the actual § 3553(a) factors."); Reply Br. at 7 ("[T]he district court improperly *entirely* substituted 'incremental punishment' for the actual sentencing analysis dictated by Congress."). We have recognized that "[a] sentence must reflect consideration of the balance of the § 3553(a) factors; unjustified reliance upon any one factor is a symptom of an unreasonable sentence." *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). However, we find Guzman's argument regarding the district court's purported failure to engage in the requisite Section 3553(a) balancing to again be contradicted by the record.

Before the district court concluded that the 60-month sentence was "sufficient[,] but no greater than necessary to serve the purposes of sentencing," Joint App'x at 127, it explicitly listed the Section 3553(a) factors and then explained in detail how it weighed these various factors under the circumstances of Guzman's particular case, including arguments made by Guzman in mitigation. For example, the district court explicitly considered Guzman's "background and characteristics" other than the prior convictions, including: (1) his age; (2) "a very challenging, difficult upbringing;" (3) "efforts [Guzman] made at employment recently;" (4) letters indicating Guzman was "in a committed relationship" and "valued by [his] family and the like;" and (5) that Guzman "had in the past a potentially serious health condition." Joint App'x at 122–23. The district court further explained how these facts were outweighed by the need to protect the public and to deter future crimes. *See, e.g.*, Joint App'x at 123 (noting that the "medical condition did not cause you to pause before engaging in the conduct that brought you here today"); Joint App'x at 124 ("the record so far up to the arrest doesn't show signs of what we call aging out" or "start[ing] to slow down" from criminal behavior, even though Guzman was almost 29 years old when arrested on the instant offense).[4] Similarly, with respect to the nature and circumstances of the crime, the district court recognized that the quantities involved in the instant offense were "not huge," but then emphasized that "crack and fentanyl, particularly fentanyl, are dangerous drugs" and that "[f]entanyl is the leading drug responsible for the overdose crises in Connecticut." Joint App'x at 124. Thus, the district court considered that Guzman was "putting dangerous drugs on the street." Joint App'x at 123–24.

---

[4] The district court also noted that Guzman had used drugs while on parole and missed programming appointments. Joint App'x at 123; *see* Pre-Sentence Report ¶ 51 (noting two positive tests for cocaine in July 2019 and a misconduct report in January 2020 for six unexcused absences from his required attendance at domestic violence classes).

Therefore, contrary to Guzman's contention, the record reflects the requisite consideration of the Section 3553(a) factors, including an explanation as to why the factors of deterrence and protection of the public (which included consideration of the need for incremental punishment) ultimately outweighed the other statutory factors that may have supported a lower sentence. Accordingly, we discern no procedural error in the district court's sentence.

## II.    Substantive Reasonableness

Guzman alternatively argues that the sentence is substantively unreasonable because "[t]he district court in this case sentenced Elias Guzman to prison for five years over a couple of tablespoons of drugs" and "[t]he punishment in this case, put simply, does not appropriately correspond to either the defendant or to the offense." Appellant's Br. at 23–24. We find Guzman's substantive challenge unpersuasive.

Although Guzman focuses primarily on the small quantity of the drugs involved in the instant offense, the district court appropriately considered—in assessing the need to protect the public and provide sufficient deterrence to Guzman—the fact that he had four narcotics convictions (two of which involved firearms) and that he engaged in the instant offense while on special parole for a similar offense, which resulted in the 35-month sentence discussed in detail above. Moreover, the district court also weighed the deadly and dangerous nature of the narcotics in question. We will not second-guess the weight afforded to those considerations where, as discussed *infra*, the overall sentence was reasonable. *See United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) ("The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

In light of Guzman's extensive history of narcotics trafficking, reflected in his four prior convictions, and the nature of the current offense, we cannot conclude that the 60-month sentence is "shockingly high" under the totality of the circumstances in this case. *Rigas*, 583 F.3d at 123. Accordingly, we conclude that Guzman's challenge to the substantive reasonableness of the sentence fails.

*      *      *

For the foregoing reasons, and finding no merit in Guzman's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court