[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13764

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNATHAN NEROY MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20225-DLG-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

JILL PRYOR, Circuit Judge:

When a Miami police officer tried to pull over Johnathan Morris after he ran a stop sign, he refused to stop, leading the officer on a brief car chase. Once he stopped, officers found controlled substances on his person as well as two firearms and ammunition in his vehicle. A jury later convicted Morris of three offenses: possession of a firearm and ammunition by a felon, possession of a controlled substance with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced Morris to 138 months' imprisonment.

On appeal, Morris raises four challenges to his convictions and one to his sentence. As to his convictions, he argues first that the evidence was insufficient to convict him of any of the three offenses. Second, he challenges the district court's denial of his motion to suppress evidence obtained from the traffic stop. Third, he contests the district court's refusal to include a special interrogatory on the verdict form that would have required the jury to agree unanimously on which firearm he possessed. Fourth, he challenges a jury instruction allowing the jury to consider his flight from police. And as to his sentence, he argues that it is unreasonable. After careful consideration of the parties' briefs and the record, and with the benefit of oral argument, we find Morris's arguments unavailing. We thus affirm his convictions and sentence.

Only one of Morris's arguments merits further discussion: that the district court erred by refusing to include a special

interrogatory on the verdict form indicating that the jury had to find unanimously which firearm Morris possessed. As we explain below, the district court did not err. Possession of a particular firearm in violation of 18 U.S.C. § 922(g) is a means of committing, rather than an element of, the crime of possessing "any firearm" as proscribed by the statute. Jury unanimity on the particular firearm possessed is thus not required where there is evidence that the defendant possessed more than one firearm.

## I. BACKGROUND

Because we limit our discussion to the jury unanimity issue, we recount only the facts relevant to this issue. A Miami police officer observed Morris fail to stop at a stop sign. The officer activated her police vehicle's lights and siren to pull Morris over. He refused to stop and led the officer on a chase for approximately five blocks. According to the officer, Morris was driving "as though he was trying to get away from the police." Doc. 131 at 114.[1] During the chase, the officer saw that he was moving inside his vehicle as if attempting to conceal something. The officer called for backup, and additional officers came to the area to assist her in stopping him.

Morris eventually complied and pulled over. Once he stopped his vehicle, he quickly exited, leaving the driver's side door open. An officer handcuffed him and took him into custody. When she patted him down, she found an empty holster at his waist. After

---

[1] "Doc." numbers refer to the district court's docket entries.

she found the holster, she and two other officers approached the driver's side of Morris's vehicle. Through the open door, they saw a handgun sticking out underneath the driver's seat, in plain view. The officers removed the firearm from the vehicle and discovered that it was loaded with 18 rounds of ammunition. When the first officer searched Morris again, she found a jar in one of his pockets that was later determined to contain 9.3 grams of crack cocaine or cocaine base and 0.26 grams of fentanyl. Running Morris's identity revealed that he was a convicted felon with a revoked driver's license. The officers arrested him.

The next day, after obtaining a warrant, law enforcement searched Morris's vehicle. Underneath the front passenger's seat, they found a second handgun loaded with 32 rounds of ammunition.

Morris was indicted and charged with the following crimes: (1) possession of a firearm or ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). For the felon-in-possession charge, the indictment alleged that the firearm and ammunition Morris possessed were: (1) a 9 mm caliber pistol; (2) 18 rounds of 9 mm caliber ammunition; (3) a .40 caliber pistol; and (4) 32 rounds of .40 caliber ammunition. For the controlled substance charge, the indictment alleged that the controlled

substances involved were a mixture and substance containing crack cocaine and a mixture and substance containing fentanyl.

On the last day of Morris's criminal trial, the district court inquired whether the verdict form should reference each firearm at issue "because it seems that each firearm would have to have unanimity with respect to its possession by a convicted felon." Doc. 133 at 3. The district court reasoned that such a verdict form might be appropriate because "six [jurors] can't agree to one firearm; and six to another." *Id.* Morris embraced this idea and argued that the jury had to agree unanimously that he possessed a particular firearm and that each firearm therefore should be listed separately on the verdict form. Ultimately, the district court decided against adding to the verdict form a special interrogatory listing each firearm.

The district court instructed the jury that to convict Morris of possessing a firearm as a convicted felon, it had to find, among other things, that he "knowingly possessed a firearm or ammunition." Doc. 84 at 12. The court explained that the government had to prove that Morris "possessed either a firearm or ammunition" and that the jury had to agree "on which, either a firearm or ammunition," he possessed. *Id.* at 13.

As part of its instructions, the district court reviewed the verdict form with the jury. The court explained that as to the felon-in-possession count, the verdict form asked the jury to decide in question 1A whether Morris possessed a firearm and in question 1B whether he possessed ammunition. The district court instructed the jurors that "you all must agree individually as to those items."

Doc. 133 at 83. After reviewing each charge on the verdict form, the court left the jury with a final instruction: "Now, keep in mind . . . in each count there are separate allegations; the type of drug, the firearm or ammunition, even the particular firearm. So you have to unanimously agree to all of those items." *Id.* at 84. The jury convicted Morris on all three counts.

## II. STANDARD OF REVIEW

We apply the same standard of review to verdict forms that we apply to jury instructions. *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1072 (11th Cir. 1996). We thus review *de novo* the legal accuracy of a verdict form, but "the trial judge is given wide discretion as to the style and wording employed." *Id.* (internal quotation marks omitted). A verdict form warrants reversal only if "the issues of law were presented inaccurately" or the form "improperly guided the jury in such a substantial way as to violate due process." *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000) (internal quotation marks omitted).

## III. DISCUSSION

On appeal, Morris argues that the district court erred in refusing to include a special interrogatory on the verdict form requiring the jury to decide unanimously which particular firearm and piece of ammunition he possessed. We disagree. We conclude that 18 U.S.C. § 922(g) does not require the jury to agree unanimously on which firearm or ammunition a defendant possessed where

there is evidence that he possessed more than one.[2] The district court thus did not err in refusing to include Morris's requested special interrogatory on the verdict form.

"[A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element" of an offense. *Richardson v. United States*, 526 U.S. 813, 817 (1999). The United States Supreme Court explained in *Richardson* that this rule applies to jury findings on the elements of the charged crime, not the means to commit that crime. *Id.* Therefore "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Id.*

To explain the difference between elements and means, the Supreme Court invoked a hypothetical robbery statute. *Id.* The Court described the hypothetical robbery statute as one "that makes it a crime (1) to take (2) from a person (3) through force or the threat of force (4) property (5) belonging to a bank." *Id.* Under this statute, jurors could lawfully convict a defendant if they

---

[2] The government suggests that we need not reach the merits of the unanimity issue because, even if "unanimity as to the particular firearm and ammunition was required, the district court's instructions were sufficient." Appellee's Br. 41. Despite the government's invitation, we reach the unanimity issue here. And because we find that § 922(g) does not require the jury to agree unanimously on which firearm or ammunition a defendant possessed where there is evidence that he possessed more than one, we offer no view on whether the instructions here were otherwise sufficient.

unanimously agreed that the defendant made a "threat of force" even if they disagreed about the means used to make the threat. *Id.* "Where, for example . . . some jurors might conclude that the defendant used a knife to create the threat[,] others might conclude he used a gun." *Id.* "But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force." *Id.*

The criminal statute the Supreme Court construed in *Richardson* was 21 U.S.C. § 848. *Id.* at 815. This statute penalizes "[a]ny person who engages in a continuing criminal enterprise." 21 U.S.C. § 848(a). It defines "continuing criminal enterprise," in part, as a violation of drug laws under Title 21 as part of a continuing series of such violations. *Id.* § 848(c). To convict a defendant of participating in a continuing criminal enterprise, the jury must find that the defendant committed three predicate violations of federal drug laws. *Richardson*, 526 U.S. at 816. The issue before the Supreme Court was whether a jury must unanimously agree on which three violations of federal drug laws the defendant committed to convict the defendant of a "continuing series of violations." *Id.* at 817–18. The Court thus had to decide whether the individual violations were an element or a means of committing a continuing series of violations. *Id.* at 818.

In concluding that individual violations of the law are elements of the statute, the Supreme Court looked to the following: the language of the statute, the tradition of interpreting a violation

of the law as an element or a means, and any potential unfairness of interpreting individual violations of the law as a means. *Id.* at 818–20.

The Court began with the language of the statute. *Id.* at 818. It concluded that the statute's use of "violates" and "violations" suggests that these are elements of a crime because a "'violation' is not simply an act or conduct; it is an act or conduct that is contrary to law." *Id.* (citing *Violation, Black's Law Dictionary* (6th ed. 1990)). The Court reasoned further that this language indicates an element because "even though the words 'violates' and 'violations' appear more than 1,000 times in the United States Code, the Government has not pointed us to, nor have we found, any legal source reading any instance of either word" as a means of committing a crime. *Id.* The Court next considered tradition, explaining that "[t]o hold that each 'violation' here amounts to a separate element is consistent with a tradition of requiring juror unanimity where the issue is whether a defendant has engaged in conduct that violates the law." *Id.* at 818–19. And it would be unfair to defendants, the Court observed lastly, to categorize individual violations of the law as a means of a crime because it would risk "permitting a jury to avoid discussion of the specific factual details of each violation [and] cover up wide disagreement among the jurors about just what the defendant did, or did not, do." *Id.* at 819.

With this background in mind, we turn to the issue before us: whether, when a defendant is charged with possession of more than one firearm or more than one piece of ammunition in

violation of 18 U.S.C. § 922(g), the jury must unanimously decide that the defendant possessed a particular firearm or piece of ammunition. Under *Richardson*, the answer to this question turns on whether possession of a particular firearm or piece of ammunition is, under § 922(g), an element of, or a means of committing, the crime. *See* 526 U.S. at 817.

We have not previously addressed this issue in a published opinion.[3] Several of our sister circuits have addressed it, and they all have held that § 922(g) does not require jury unanimity as to the particular firearm or ammunition possessed. *See United States v. Pollock*, 757 F.3d 582, 587–88 (7th Cir. 2014); *United States v. Talbert*, 501 F.3d 449, 451–52 (5th Cir. 2007); *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004); *United States v. Verrecchia*, 196 F.3d 294, 298–301 (1st Cir. 1999). The earliest of these decisions is *Verrecchia*, in which the First Circuit decided that possession of a particular firearm was a means rather than an element of § 922(g).[4]

---

[3] The issue was raised in an unpublished case, *United States v. Davis*, 777 F. App'x 360, 366–67 (11th Cir. 2019) (unpublished), *vacated on other grounds by Davis v. United States*, 140 S. Ct. 952 (2020), *opinion reinstated in United States v. Davis*, 811 F. App'x 508, 511 (11th Cir. 2020) (unpublished). As an unpublished decision, *Davis* is not binding precedent. And we do not find it persuasive here because it was before us on plain error review. We concluded that, "even assuming the court erred, the error was not 'plain'" because there was no binding authority to the contrary. *Id.* at 367. We thus did not decide the statutory interpretation question.

[4] Before the First Circuit decided *Verrecchia*, the Sixth Circuit considered the same issue, whether an instruction on unanimity was required when a defendant was charged with possession of multiple firearms in violation of 18 U.S.C.

22-13764              Opinion of the Court              11

196 F.3d at 298–301. The Fifth, Sixth, and Seventh Circuits have since adopted the First Circuit's analysis. *Talbert*, 501 F.3d at 452; *DeJohn*, 368 F.3d at 541–42; *Pollock*, 757 F.3d at 587–88.

We, too, are persuaded by the First Circuit's thorough analysis. We join these circuits in holding that § 922(g) does not require jury unanimity regarding the particular firearm or ammunition the defendant possessed when he possessed more than one because these facts are means of committing rather than elements of the crime. In interpreting whether the possession of a particular weapon or piece of ammunition is an element or a means under § 922(g), the First Circuit looked to the factors the Supreme Court laid out in *Richardson*: language, tradition, and risk of unfairness. *See Verrecchia*, 196 F.3d at 299.

"When interpreting a statute, we look first to the language." *Richardson*, 526 U.S. at 818. Section 922(g)(1) states "it shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to . . . possess . . . any firearm or ammunition." 18 U.S.C. § 922(g)(1). "The plain language of the statute suggests that the element of the crime is simply the possession of 'any firearm.'" *Verrecchia*, 196 F.3d at 299. As the First Circuit explained, the

---

§ 922(g). *United States v. Sims*, 975 F.2d 1225, 1240–41 (1992). Determining that there was no risk of jury confusion, the Sixth Circuit concluded that a unanimity instruction was unnecessary because the two firearms at issue in the case were located in the same vehicle. *Id.* This case predated *Richardson*, however, and thus did not conduct the elements-means analysis.

possession of a particular firearm is a means because, even if the jurors disagreed about which firearm a defendant possessed, the jury would remain unanimous so long as they all agreed the defendant possessed "any firearm." *Id.* The First Circuit reasoned further that this interpretation is supported by other provisions of § 922(g). *Id.* (citing 18 U.S.C. § 922(g)(2)–(9)). These provisions list other categories of persons prohibited from possessing "'any firearm,' supporting the conclusion that Congress's focus was on the felon and not on the nature or number of firearms possessed." *Id.* (footnote omitted). The court also surveyed the punishment provisions of the statute and observed that none of the corresponding provisions included language concerning the type or number of firearms possessed. *Id.* at 299–300 (citing 18 U.S.C. § 924).

We find persuasive the First Circuit's well-reasoned analysis of § 922(g)'s text. We thus agree that the statutory language strongly indicates that possession of a particular firearm or ammunition is a means of committing the crime rather than an element. Indeed, Morris points to no case interpreting this language differently.

Turning to the remaining statutory interpretation factors from *Richardson*—tradition and potential unfairness—we, like the First Circuit, find them unhelpful in interpreting § 922(g). *See id.* at 300–01. As to tradition, the First Circuit said, "Verrecchia does not identify, and we are not aware of, any legal tradition that sheds light on the question before us." *Id.* at 301. And there is no risk of the kind of unfairness the Supreme Court was concerned about in

*Richardson* because "the only issue in a § 922(g)(1) case is usually whether the defendant *possessed* the gun or guns in question." *Id.* (emphasis added). And on that issue—whether the defendants possessed a firearm or ammunition—the jury must be unanimous. We agree.

Morris does not address the factors considered in *Richardson*; nor does he propose any others. He argues instead that, because he disputed possession of both firearms, the district court's refusal to include a special interrogatory on the verdict form regarding unanimity as to each firearm allowed the jury to convict him without unanimously agreeing that he possessed a firearm.[5] He further argues that a special interrogatory was necessary because the presence of multiple firearms created multiple theories of guilt. But he overlooks that even if the jurors considering his § 922(g) charge disagreed about which firearm he possessed, the general verdict form required them to agree unanimously that he possessed a firearm. Importantly, there was no scenario in which Morris's possession of one of the firearms would be lawful. Thus, there could be no multiple theories of guilt requiring a special interrogatory. Like the

---

[5] In rejecting this argument, we note that there was ample evidence that Morris possessed both firearms and both sets of ammunition in question. The officer who pulled him over saw him attempting to conceal something in his vehicle during her pursuit. Officers found the firearms and ammunition underneath the front seats of his vehicle. Morris was also wearing a holster that fit one of the firearms. And he admitted in a jail call that the police pulled him over and found *"one of* the guns out of [his] truck." Doc. 98-15 at 2 (emphasis added). This evidence was sufficient for the jury to convict him of possession of the firearms and ammunition found in his vehicle.

Supreme Court's hypothetical example in *Richardson* of a statute prohibiting robbery with a threat of violence where the jury was free to disagree as to whether the threat was made with a knife or a gun so long as they all agreed that the use of force was threatened, 526 U.S. at 817, here, the jurors were free to disagree about which of the two firearms Morris possessed because they had to agree unanimously that he unlawfully possessed a firearm or ammunition.[6]

We conclude that § 922(g) does not require jury unanimity as to which of multiple firearms or pieces of ammunition a defendant possessed. Morris was thus not entitled to his requested special interrogatory on the verdict form. The district court's verdict form did not warrant reversal because it did not present the issues of law inaccurately or improperly guide the jury. *Prather*, 205 F.3d 1270.

### IV. CONCLUSION

Finding no error, we **AFFIRM** Morris's conviction.

---

[6] In his briefing on appeal, Morris also argues that the district court failed to instruct the jury on unanimity regarding each firearm. We need not decide whether he adequately preserved and presented that issue because it, too, is meritless given our interpretation of the statute.